DAVID J. KAMINSKI, ESQ., (SBN #128509)
STEPHEN A. WATKINS, ESQ., (SBN #205175)
CARLSON & MESSER LLP
5959 W. Century Boulevard, Suite 1214
Los Angeles, California 90045
(310) 242-2200 Telephone
(310) 242-2222 Facsimile

Attorneys for Defendant,
GC SERVICES LP

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA - SAN FRANCISCO

| | |
|---|---|
| CHERRY LEVIN, an individual, | CASE NO. C07 6508 JSW |
| Plaintiff, | [Complaint Filed:   12/31/07 |
| | **ANSWER TO COMPLAINT** |
| vs. | |
| GC SERVICES, LP; CINGULAR WIRELESS CORP.; PROFESSIONAL RECOVERY SYSTEMS, INC.; and DOES 1-20, inclusive, | |
| Defendants. | |

**COMES NOW** Defendant, GC SERVICES LIMITED PARTNERSHIP ("Defendant") appearing for itself and for no other person, firm or entity, answers the Complaint of the Plaintiff, CHERRY LEVIN ("Plaintiff"), by admitting, denying and alleging as follows:

1.    Answering Paragraph 1 of the Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of Plaintiff's allegations, and, on that basis, denies each and every allegation contained therein.

2.    Answering Paragraph 2 of the Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of Plaintiff's allegations, and, on that basis, denies each and every allegation contained therein.

CARLSON & MESSER LLP
5959 W. CENTURY BOULEVARD, SUITE 1214
LOS ANGELES, CALIFORNIA 90045

1    3.    Answering Paragraph 3 of the Complaint, Defendant is without knowledge or

2    information sufficient to form a belief as to the truth of Plaintiff's allegations, and, on that basis,

3    denies each and every allegation contained therein.

4    4.    Answering Paragraph 4 of the Complaint, defendant admits each and every

5    allegation contained therein.

6    5.    Answering Paragraph 5 of the Complaint, Defendant is without knowledge or

7    information sufficient to form a belief as to the truth of Plaintiff's allegations, and, on that basis,

8    denies each and every allegation.

9    6.    Answering Paragraph 6 of the Complaint, Defendant is without knowledge or

10   information sufficient to form a belief as to the truth of Plaintiff's allegations, and, on that basis,

11   denies each and every allegation contained therein.

12   7.    Answering Paragraph 7 of the Complaint, Defendant is without knowledge or

13   information sufficient to form a belief as to the truth of Plaintiff's allegations, and, on that basis,

14   denies each and every allegation.

15   8.    Answering Paragraph 8 of the Complaint, Defendant denies each and every

16   allegation.

17   9.    Answering Paragraph 9 of the Complaint, Defendant is without knowledge or

18   information sufficient to form a belief as to the truth of Plaintiff's allegations, and, on that basis,

19   denies each and every allegation.  Discovery is continuing, and Defendant reserves the right to

20   amend its response.

21   10.   Answering Paragraph 10 of the Complaint, Defendant is without knowledge or

22   information sufficient to form a belief as to the truth of Plaintiff's allegations, and, on that basis,

23   denies each and every allegation. .  Discovery is continuing, and Defendant reserves the right to

24   amend its response.

25   11.   Answering Paragraph 11 of the Complaint, Defendant is without knowledge or

26   information sufficient to form a belief as to the truth of Plaintiff's allegations, and, on that basis,

27   denies each and every allegation.

28   12.   Answering Paragraph 12 of the Complaint, no response is required.

     13.   Answering Paragraph 13 of the Complaint, Defendant denies each and every

ANSWER TO COMPLAINT                    CASE NO. C07 6508 JSW

1   allegation.

2        14.    Answering Paragraph 14 of the Complaint, Defendant denies each and every

3   allegation.

4        15.    Answering Paragraph 15 of the Complaint, no response is required.

5        16.    Answering Paragraph 16 of the Complaint, Defendant is without knowledge or

6   information sufficient to form a belief as to the truth of Plaintiff's allegations that Plaintiff's credit

7   was damaged and resulted in a denial of a credit line increase.  Defendant is also without

8   knowledge that the negative report is still on Plaintiff's credit file and will continue to cause

9   damage to the Plaintiff when she applies for credit, and, on that basis, denies said allegations.

10  Defendant denies the remainder of the allegations.

11       17.    Answering Paragraph 17 of the Complaint, Defendant is without knowledge or

12  information sufficient to form a belief as to the truth of Plaintiff's allegations that Plaintiff faxed

13  and mailed the evidence attached in this complaint to all three defendants.  Defendant denies the

14  remainder of the allegations.

15       18.    Answering the Prayer of the Complaint, Defendant denies Plaintiff is entitled to any

16  of the relief requested.

## FIRST AFFIRMATIVE DEFENSE

### (Fails to State Cause of Action)

19       1.    As a separate, affirmative defense, Defendant alleges that the Complaint, and each

20  and every purported cause of action contained therein, fails to state facts sufficient to constitute a

21  cause of action.

## SECOND AFFIRMATIVE DEFENSE

### (No Violation of FDCPA)

24       2.    As a separate, affirmative defense, Defendant alleges that the alleged actions of

25  defendant were proper and did not violate any provisions of 15 U.S.C. § 1692 et. seq.

## THIRD AFFIRMATIVE DEFENSE

### (Good Faith)

28       3.    As a separate, affirmative defense, Defendant alleges that at all times mentioned in

the Complaint, Defendant acted lawfully and within its legal rights, with a good faith belief in the

CARLSON & MESSER LLP
5959 W. CENTURY BOULEVARD, SUITE 1214
LOS ANGELES, CALIFORNIA 90045

exercise of that right, and in the furtherance of a legitimate business purpose.  Further, Defendant acted in good faith in the honest belief that the acts, conduct and communications, if any, of the Defendant were justified under the circumstances based on information reasonably available to this answering Defendant.

**FOURTH AFFIRMATIVE DEFENSE**

**(No Malice)**

4.     As a separate, affirmative defense, Defendant alleges that the alleged actions of the Defendant were not accompanied by actual malice, intent or ill will.

**FIFTH AFFIRMATIVE DEFENSE**

**(Lacks Standing)**

5.     As a separate, affirmative defense, Defendant alleges that Plaintiff lacks standing.

**SIXTH AFFIRMATIVE DEFENSE**

**(Conduct Was Privileged)**

6.     As a separate, affirmative defense, Defendant allege that Defendant's conduct, communications and actions, if any, were privileged, including, but not limited to, 15 U.S.C. § 1692(k)c.

**SEVENTH AFFIRMATIVE DEFENSE**

**(Bona Fide Error)**

7.     As a separate, affirmative defense, assuming arguendo that this Defendant violated a statute alleged in the complaint, which presupposition the Defendant denies, such violation was not intentional and resulted from a bona fide error, notwithstanding the maintenance of procedures reasonably adapted to avoid any such error.

**EIGHTH AFFIRMATIVE DEFENSE**

**(Laches)**

8.     As a separate, affirmative defense, Defendant alleges that Plaintiff is barred from any recovery against this answering Defendant by the doctrine of laches.

/ / /

/ / /

CARLSON & MESSER LLP
5959 W. CENTURY BOULEVARD, SUITE 1214
LOS ANGELES, CALIFORNIA 90045

CARLSON & MESSER LLP
5959 W. CENTURY BOULEVARD, SUITE 1214
LOS ANGELES, CALIFORNIA 90045

# NINTH AFFIRMATIVE DEFENSE

## (Estoppel)

9.     As a separate, affirmative defense, Defendant alleges that Plaintiff is barred from any recovery against this answering Defendant by the doctrine of estoppel.

# TENTH AFFIRMATIVE DEFENSE

## (Maintained Reasonable FDCPA Procedures)

10.     As a separate, affirmative defense, Defendant alleges that it, at all times alleged in the complaint, maintained reasonable procedures created to prevent any type of intentional violations of the Fair Debt Collection Practices Act.

# ELEVENTH AFFIRMATIVE DEFENSE

## (Maintained Reasonable FCRA Procedures)

11.     As a separate, affirmative defense, Defendant alleges that it, at all times alleged in the complaint, maintained reasonable procedures created to prevent any type of intentional violations of the Fair Credit Reporting Act.

# TWELFTH AFFIRMATIVE DEFENSE

## (Damages are Limited)

12.     As a separate, affirmative defense, Defendant alleges that if Plaintiff was damaged in any sum or sums alleged, which defendant denies, then Plaintiff's damages are limited by 15 U.S.C. § 1692(k) and 15 U.S.C. §1681n.

# THIRTEENTH AFFIRMATIVE DEFENSE

## (No Actual Damages)

13.     As a separate, affirmative defense, Defendant alleges that did not suffer significant "actual damages" as a result of any purported failure of Defendant to comply with the FCRA.

# FOURTEENTH AFFIRMATIVE DEFENSE

## (Acts of Third Parties)

14.     As a separate, affirmative defense, Defendant alleges that any purported damages allegedly suffered by Plaintiff are the result of acts or omissions of third persons over whom Defendant had neither control nor responsibility.

**FIFTEENTH AFFIRMATIVE DEFENSE**

**(No Notice of a Dispute)**

15.     As a separate, affirmative defense, Defendant alleges it did not receive notice of a dispute from a consumer reporting agency.

**SIXTEENTH AFFIRMATIVE DEFENSE**

**(Communications Were True)**

16.     As a separate, affirmative defense, Defendant alleges that the claims are barred because all information Defendant communicated to any third person regarding Plaintiff was true based upon information and belief, at the time such communications were made.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

**(Actions Were Proper)**

17.     As a separate, affirmative defense, Defendant alleges that the alleged actions of Defendant were proper and did not violate any provisions of the FDCPA or FCRA.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

**(No Proximate Cause)**

18.     As a separate, affirmative defense, Defendant alleges that if Plaintiff sustained any of the injuries alleged in the Complaint, there was an intervening, superseding cause and/or causes leading to such alleged injuries and, as such, any action on the part of Defendant were not a proximate cause of the alleged injuries.

**NINETEENTH AFFIRMATIVE DEFENSE**

**(Reservation of Rights)**

19.     As a separate, affirmative defense, Defendant reserves the right to allege and assert any additional and/or further affirmative defenses as become apparent to defendant during the course of this litigation.

**WHEREFORE**, this answering Defendant prays,

1.     For a judgment in favor of Defendant, and against Plaintiff, and that Plaintiff takes nothing by reason of said Complaint;

2.     That this answering Defendant be awarded cost of suit herein and such other further

Carlson & Messer LLP
5959 W. Century Boulevard, Suite 1214
Los Angeles, California 90045

1 relief as the Court deems just.

2      3.      That this answering Defendant be awarded attorneys fees' pursuant to 15 U.S.C.

3 §1692k(a)(3) and 15 U.S.C. § 1681n(c).

4

5 DATED: February 4, 2008                    CARLSON & MESSER LLP

6
                                            By _____
7                                              David J. Kaminski, Esq.
                                               Stephen A. Watkins, Esq.
8                                              Attorneys for Defendant,
                                               GC SERVICES LP
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CARLSON & MESSER LLP
5959 W. CENTURY BOULEVARD, SUITE 1214
LOS ANGELES, CALIFORNIA 90045

**PROOF OF SERVICE**

STATE OF CALIFORNIA      )
                             )   ss.
COUNTY OF LOS ANGELES  )

     I am employed in the County of Los Angeles, State of California.

     I am over the age of 18 and not a party to the within action; my business address is 5959 W. Century Blvd., Ste. 1214, Los Angeles, California 90045.

     On **February 4, 2008**, I served the foregoing document described as **ANSWER TO COMPLAINT** on all interested parties in this action by placing a true copy thereof enclosed in a sealed envelope addressed as follows:

                   **SEE ATTACHED SERVICE LIST**

☒    (BY MAIL)

        I sealed such envelope(s) and placed it (them) for collection and mailing on this date following the ordinary business practices of Carlson & Messer LLP.  I am "readily familiar" with the business practices of Carlson & Messer LLP for collection and processing of correspondence for mailing with the United States Postal Service.  Such correspondence would be deposited with the United States Postal Service at Los Angeles, California this same day in the ordinary course of business with postage thereon fully prepaid.

☐    (BY FACSIMILE)

        I transmitted via telecopier machine such document to the offices of the addressees.  Executed on this    day of February, 2008, at Los Angeles, California.

☐    (PERSONAL SERVICE)

     I had said documents delivered by hand delivery by to the offices of addressee.

☒    (State)

        I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

     Executed this **4th** day of **February, 2008**, at Los Angeles, California.

                               Linda Brooks

**<u>Cherry Levin v GC Services LP; Cingular Wireless Corp., et al.</u>**
**Our File No. 05709.00**

Cherry P. Levin                                      **Plaintiff in Pro Per**
23 Rosewood Court
San Rafael, CA  94901
(415) 459-4572

Cherry P. Levin
2337 Gallahad Drive
Baton Rouge, LA  70816
(225) 295-0173

05709.00:141454                                      -2-