Cherry Levin
23 Rosewood Court
San Rafael, CA 94901
Phone 415-459-4572

FILED
FEB 11 PM 12: 18

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| Cherry Levin, | No. 07-CV-6508-JSW |
| Plaintiff, | **Plaintiff's Opposition to Cingular's Motion to Dismiss with Memorandum of Points and Authorities** |
| v. | |
| GC Services, LP, et. al. | |
| Defendants. | |

The Plaintiff respectfully requests this Court to deny New Cingular Wireless Service's Motion to Dismiss and/or Stay of Proceedings for the following reasons:

**1. Cingular misstated the Plaintiff's complaint.**

Cingular appears to have missed paragraph 16 of the Plaintiff's complaint, which states: *16. Plaintiff alleges **all Defendants** violated 15 U.S.C. § 1681s-2(B)(i) & (ii). ...*[1]

While it is not addressed in the complaint, the Plaintiff in fact did contact the credit bureaus, who instructed her to dispute the information, then contact Cingular. After complying, still nothing was done. The direct cause of most of the Plaintiff's damages were a result of Cingular's furnishing incorrect information to the credit bureaus, and then later to the debt collection agencies acting on their behalf. Nelson[2] does support a cause of action under 1681s-2(b)[3], and the Plaintiff properly alleged all defendants violated that statute.

**2. This Circuit has held Cingular's arbitration clause is unconscionable.**

---

[1] Levin complaint, page 5
[2] *Nelson v. Chase Manhattan Mortgage Co.*, (2002) 282 F.3d 1057, 1059–60
[3] At pg. 1059

1

1  "In determining whether a valid arbitration agreement arose between the parties, a federal court should look to the state law that ordinarily governs the formation of contracts."[4] In this case, California's doctrine of unconscionability (adhesion contracts) governs. Under California law, "[a] contract of adhesion is defined as 'a standardized contract, imposed upon the subscribing party without an opportunity to negotiate the terms."[5] The 9th Circuit has held Cingular's arbitration clause as consumer contracts of adhesion, and are unconscionable.[6] Cingular's argument for stay based on their arbitration clause is therefore demeritorious.

### 3. The complaint is sufficient on its face.

Justice Black in *Conley v. Gibson*[7] stated "*The Federal Rules rejects the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits.*" According to FRCP 8(f), all pleadings shall be construed to do substantial justice. *Conley* further stated a complaint need contain only a statement calculated to "*give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests.*" The plaintiff has listed facts sufficient to put Cingular of what the Plaintiff's claim is, and what statutes it is based on.

For the above going reasons, the Plaintiff moves this court to deny Cingular's motion to dismiss, or in the alternative, allow Plaintiff leave to amend her complaint.

Respectfully submitted,

Date: February 10, 2008

_____
Cherry Levin

---

[4] *Gibson v. Neighborhood Health Clinics*, (1997) 121 F.3d 1126, 1130
[5] *Flores v. Transamerica HomeFirst, Inc.*, (2001) 93 Cal. App. 4th 846, 853.
[6] *Shroyer v. New Cingular Wireless Servs.*, 498 F.3d 976
[7] *Conley v. Gibson* 355 U.S. 41 at 48(1957)

2

## CERTIFICATE OF SERVICE

I am over 18 and not a party to this action. This certifies that on 2/11/08, I mailed an exact copy of the PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS via USPS first class mail, postage prepaid, to:

Richard A. De Liberty
Kohut & Kohut LLP
3554 Round Barn Boulevard, Suite 204
Santa Rosa, California 95403
Attorney for Cingular

*Tami Lacome*
Tami Lacome

3