Cherry Levin
23 Rosewood Court
San Rafael, CA 94901
Phone 415-459-4572

FILED
08 MAR 24 PM 12: 55

CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

| | |
|---|---|
| Cherry Levin, | No. 07-CV-6508-JSW |
| Plaintiff, | **Plaintiff's Response to Cingular's Response to Plaintiff's Opposition** |
| GC Services, LP, et. al. | |
| Defendants. | |

The Plaintiff would like to point out that this is the second time Cingular's counsel has not properly served her with documents. Plaintiff was made aware of Cingular's first motion to dismiss only after receiving a notice by the clerk of court that she had to immediately file a response. The plaintiff only found out today, 3/24/08, that Cingular filed a response to the Plaintiff's opposition, after registering with Pacer. The Plaintiff has, on several occasions over the past few weeks, attempted to contact Mr. De Liberty, the Defendant's counsel, but both times, when she identified herself as the Plaintiff, Mr. De Liberty hung up on her. The Plaintiff is not fully aware of a lawyer's code of ethics, but this behavior seems fairly juvenile. The Plaintiff's response is somewhat rushed, but is being filed anyway to still show her opposition

All of Cingular's claims in their opposition want to find an omission by the Plaintiff as something sinister. The court has held, however, that "The Federal Rules reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and

1

1 accept the principle that the purpose of pleading is to facilitate a proper decision on the merits."[1] It
2 seems that Cingular and their counsel hopes that the Plaintiff is unaware of this and hopes to avoid
3 following the very law they have chosen to practice. Further, "...so long as a plaintiff colorably
4 states facts which, if proven, would entitle him to relief, the motion to dismiss should not be
5 granted."[2] The Plaintiff has, without fail, stated fact after fact that would entitle relief and should
6 not be punished for Mr. De Liberty's failure to communicate .

7     "Pleadings are intended to serve as a means of arriving at fair and just settlements of
8 controversies between litigants. They should not raise barriers which prevent the achievement of
9 that end."[3] However, despite this ruling, Mr. De Liberty is using pleadings to raise barriers and
10 prevent justice. For the reasons set forth already in the original opposition I filed, I respectfully
11 request you deny Cingular's motion to dismiss.

14     Respectfully submitted,

15 Date: March 24, 2008

16     *(signature)*
    Cherry Levin

---

[1] Conley v. Gibson, 355 U.S. 41 (1957)
[2] Adams v. Bain, 697 F.2d 1213 (4th Cir. 12/30/1982), No. 82-1020, (1982.C04.40002 ; 697 F.2d 1213).
[3] Maty v. Grasselli Chemical Co., 303 U.S. 197 (1938),

## CERTIFICATE OF SERVICE

I am over 18 and not a party to this action. This certifies that on 3/24/08, I mailed an exact copy of the PLAINTIFF'S Response to Defendant's Response to Plaintiff's Oposition via USPS first class mail, postage prepaid, to:

Richard A. De Liberty
Kohut & Kohut LLP
3554 Round Barn Boulevard, Suite 204
Santa Rosa, California 95403
Attorney for Cingular

*Tami Lacome*
Tami Lacome