IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

CHERRY LEVIN,

    Plaintiff,

  v.

GC SERVICES, LP, et al.

    Defendants.

No. C 07-06508 JSW

**ORDER GRANTING DEFENDANT CINGULAR'S MOTION TO DISMISS**

Now before the Court is the motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) ("Rule 12(b)(6)"), or in the alternative for a stay pending arbitration, filed by defendant New Cingular Wireless Services, Incorporated ("Cingular"). Having considered the parties' arguments, relevant legal authority, and having had the benefit of oral argument, the Court hereby grants Cingular's motion to dismiss.

**BACKGROUND**

Plaintiff Cherry Levin ("Plaintiff") filed this action under the Fair Debt Collections Practices Act ("FDCPA"), 15 U.S.C. §§ 1692, *et seq*. and the Fair Credit Reporting Act (FCRA"), 15 U.S.C. §§ 1681, *et seq*. against Cingular, GC Services, LP, and Professional Recovery Systems, Inc. ("PRC"). Plaintiff alleges that despite her prompt payment of a bill for $194.80, Cingular failed to credit her payment to her cell phone account. (Compl., ¶ 7.) Five days after Plaintiff paid this bill, her account "went into collections." (*Id*.)

Starting in January of 2006, an employee of GS Services called Plaintiff several times regarding her alleged debt to Cingular. Plaintiff tried to explain to the GS Services' employee that the bill had been paid already, but the employee cut her off and demanded payment. (*Id*., ¶

1   8.) Plaintiff further alleges that she sent GS Services a copy of her bank statement
2   demonstrating that the bill had been paid. (*Id*., ¶ 9, Ex. B.) Nevertheless, "GS Services placed
3   a negative collections account on her credit report." (*Id*., ¶ 9.)

4   Plaintiff tried, unsuccessfully, to resolve the debt dispute with Cingular. (*Id*., ¶ 10.)
5   Despite the evidence of payment Plaintiff provided to Cingular, Cingular never cleared "the
6   collections account." (*Id*.)

7   In July of 2007, Plaintiff received a telephone call from an employee of PRS regarding
8   the alleged debt, and Plaintiff, again, explained that it had been paid. (*Id*., ¶ 11.) Plaintiff also
9   sent to PRS a copy of her bank statement demonstrating that bill had been paid. (*Id*., ¶ 11, Ex.
10  B.) Nevertheless, "PRS put a negative report on [her] credit report." (*Id*., ¶ 11.)

11  Based on the above allegations, Plaintiff asserts a claim against GS Services and PRS
12  pursuant to the FDCPA. Plaintiff also asserts a claim against all three defendants pursuant to
13  the FCRA. Under her FCRA claim, Plaintiff alleges that "GS Services and PRS are defined by
14  the FCRA as furnishers, and Cingular is defined as a creditor." (*Id*., ¶ 16.) Plaintiff alleges that
15  GS Services and PRS violated "15 U.S.C § 1681s-2(A)" and that all defendants violated "15
16  U.S.C. § 1681s-2(B)(i) & (ii)." (*Id*., ¶¶ 16, 17.) Plaintiff contends that the defendants conspired
17  and willfully placed a negative report on her credit. (*Id*., ¶ 17.)

## ANALYSIS

**A.    Applicable Legal Standard.**

20  A motion to dismiss is proper under Rule 12(b)(6) where the pleadings fail to state a
21  claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). In ruling on a Rule 12(b)(6)
22  motion, the complaint is construed in the light most favorable to the non-moving party and all
23  material allegations in the complaint are taken to be true. *Sanders v. Kennedy*, 794 F.2d 478,
24  481 (9th Cir. 1986). The court, however, is not required to accept legal conclusions cast in the
25  form of factual allegations if those conclusions cannot reasonably be drawn from the facts
26  alleged. *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994) (citing
27  *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).

2

**B.      Cingular's Motion to Dismiss.**

Cingular argues that Plaintiff's sole claim against it is for violation of 15 U.S.C. § 1681s-2(a)(1)(B) and that private litigants cannot sue for violations of this provision. Cingular further argues that Plaintiff fails to state a claim against Cingular under 15 U.S.C. § 1681s-2(a)(1)(B) because she alleges that GS Services and PRS, not Cingular, furnished the inaccurate information to the credit reporting agencies.

While there is no private right of action under 15 U.S.C. § 1681s-2(a), private litigants may bring an action under 15 U.S.C. § 1681s-2(b). *Nelson v. Chase Manhattan Mortgage Corp.*, 282 F.3d 1057, 1059-60 (9th Cir. 2002). Section 1681s-2(b) regulates the obligations of "furnishers" of information to credit reporting agencies. *See* 15 U.S.C. § 1681s-2(b); *see also Drew v. Equifax Information Services*, 2007 WL 2028745, *2 (N.D. Cal. July 11, 2007) (The statute "requires furnishers of credit information, upon notice from a reporting agency of a dispute as to information provided by the furnisher, to take certain steps to investigate the disputed information, and correct the information if necessary."). The term "furnisher" of information means "one who provides credit information to consumer reporting agencies." *Marshall v. Gravitt*, 2007 WL 1792416, *3 (D.Nev. June 18, 2007); *see also Aviles v. Equifax Information Services, LLC*, 521 F. Supp. 2d 519, 522 (E.D. Va. 2007) (defining "furnisher" as "referring to entities that transmit to [consumer reporting agencies] information relating to debts owed by consumers.")

It is not clear from Plaintiff's complaint exactly what provision of the FCRA she intended to bring a claim against Cingular. To the extent she intended to state a claim against Cingular pursuant to 15 U.S.C. § 1681s-2(a), as a private litigant, she cannot bring a claim under this provision. *See Nelson*, 282 F.3d at 1059. To the extent she intended to bring a claim against Cingular pursuant to 15 U.S.C. § 1681s-2(b), she has not alleged that Cingular is a "furnisher" under the statute who provided information about Plaintiff's debt to a consumer reporting agency. Plaintiff alleges that GS Services and PRS are defined as "furnishers" and that GS Services and PRS are the entities that provided negative reports on her credit report. (Compl., ¶¶ 9, 11, 16.) At the hearing on Cingular's motion to dismiss, Plaintiff clarified that

3

1  she has no factual basis to believe that Cingular directly provided information about her to any
2  credit reporting agency. Therefore, Plaintiff has not, and cannot, state a claim against Cingular
3  pursuant to 15 U.S.C. § 1681s-2(b). Accordingly, the Court GRANTS Cingular's motion to
4  dismiss.[1]

## CONCLUSION

For the forgoing reasons, Cingular's motion to dismiss is GRANTED.

**IT IS SO ORDERED.**

Dated: August 8, 2008

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE

---

[1] Because the Court is granting Cingular's motion to dismiss, the Court need not address Cingular's alternative motion for a stay pending arbitration.

4

**United States District Court**
For the Northern District of California

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

CHERRY LEVIN,

        Plaintiff,

  v.

GC SERVICES et al,

        Defendant.

Case Number: CV07-06508 JSW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on August 8, 2008, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Cherry Levin
23 Rosewood Court
San Rafael, CA 94901

Dated: August 8, 2008

*Jennifer Ottolini*
Richard W. Wieking, Clerk
By: Jennifer Ottolini, Deputy Clerk