IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHERRY LEVIN,<br><br>    Plaintiff,<br><br>  v.<br><br>GC SERVICES, LP, et al.<br><br>    Defendants.<br>_____ / | No. C 07-06508 JSW<br><br>**ORDER (1) DISCHARGING ORDER TO SHOW CAUSE AND (2) RESCHEDULING CASE MANAGEMENT CONFERENCE** |

The Court has received plaintiff Cherry Levin's case management statement sent by fax on April 9, 2009. Ordinarily, the Court does not accept filings by fax. Moreover, the case management statement was due to be filed by April 3, 2009, a week before the case management conference. In her case management statement, Plaintiff requested to appear by telephone. Unfortunately, her case management statement did not come to the attention of the Court until after it held the case management conference. Because Plaintiff is appearing *pro se*, the Court will excuse her late filing and her filing by fax. However, both parties are admonished to comply with the Court's deadlines, and not to file by fax, in the future. The Court HEREBY DISCHARGES the Order to Show Cause.

The Court RESETS the further case management conference for **May 15, 2009 at 1:30 p.m.** The parties shall file revised case management statements by no later than **May 8, 2009.** Plaintiff may appear by telephone for the case management conference. Plaintiff must be available at the number she provided in her case management statement at 1:30 p.m. on May 15, 2009. In their revised case management statements, the parties shall propose dates for the close

of discovery, the last day to hear dispositive motions, the pretrial conference, and trial. If the parties do not propose and agree on dates, the Court will select dates for them.

Moreover, the Court notes that in the case management statement filed by Professional Recovery System, Inc. ("PRS"), PRS stated that it had moved to dismiss this case but that the motion was not on the Court's calendar. As the Court previously explained to PRS, the Court has no record of any motion to dismiss filed by PRS. Because no motion to dismiss has been properly filed, the Court will disregard any representations that such a motion is before the Court. Moreover, as the Court explained, the document counsel for PRS attached as Exhibit 2 to his response to the Court's order to show cause would not be a proper motion for several reasons. First, PRS has already filed an answer. Therefore, PRS has waived the ability to file a motion to dismiss. Second, the purported motion is not noticed for a hearing and does not contain any legal authority. If PRS intends to file a motion in the future, PRS must notice the motion to be heard on an available day at least thirty-five days in advance and must include the legal grounds, with supporting authority, on which it is moving. **The Court will only address a motion to dismiss, or any other motion, if it is properly filed.**

**IT IS SO ORDERED.**

Dated: April 16, 2009

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE